# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANGIERS INVESTORS, L.P.,<br><br>                    Plaintiff,<br>vs.<br><br>AMERICHIP INTERNATIONAL, INC., et al.,<br><br>                    Defendants. | CASE NO. 11CV339 JLS BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>(ECF No. 16.) |

Presently before the Court is Defendant Drew Mouton's motion to dismiss for lack of personal jurisdiction. (Mot. to Dismiss, ECF No. 16.) Also before the Court is Plaintiff's opposition. (O'ppn, ECF No. 18.) After consideration, the Court **GRANTS** Mouton's motion.

## BACKGROUND

Plaintiff Tangiers Investors, L.P. is a limited partnership organized under Delaware law and with a principal place of business in California. (FAC ¶ 2, ECF No. 7.) In March 2008 Plaintiff entered into a contract with Americhip. (*Id.* ¶ 8.) Plaintiff agreed to loan Americhip $75,000 for two years. (*Id.*) In return, Americhip agreed that Plaintiff could convert up to 100 percent of the loan principal into shares of Americhip stock at any point during the term of the contract. (*Id.*) Plaintiff alleges Americhip breached the contract by refusing to timely honor Plaintiff's several attempts to convert principal into stock. (*Id.* ¶ 10.) From this conduct, Plaintiff asserts four causes of action. Three of the four apply to Drew Mouton, a former CEO and former board member of Americhip: fraud and deceit, securities fraud, and unfair business practices. (Id.)

///

///

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows district courts to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Food Co. Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). "When a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand a motion to dismiss." *Id*. (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).

"Unless directly contravened, [Plaintiff's] version of the facts is taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing *Doe*, 248 F.3d at 922); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [plaintiff]'s version of events for purposes of this appeal."). However, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (internal quotations omitted).

## ANALYSIS

Mouton's motion to dismiss for lack of personal jurisdiction argues that jurisdiction over his person would be improper because he lacks any contact with the state of California. Plaintiff's opposition asserts that this Court has specific personal jurisdiction over Mouton. (Opp'n 5.)

"Specific jurisdiction exists where the cause of action arises out of or has substantial connection to the defendant's contact with the forum." *ChemRisk, LLC v. Chappel*, 2011 WL 1807436, at *3 (N.D. Cal. May 12, 2011) (internal quotations and citations omitted). Because Mouton is a corporate employee of Americhip, the Court's analysis is informed by the fiduciary

1  shield doctrine. Under the fiduciary shield doctrine, this Court's jurisdiction over Americhip, the
2  corporation, does not directly translate into jurisdiction over Mouton, Americhip's one-time CEO
3  and board member. *See Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) ("[A]
4  person's mere association with a corporation that causes injury in the forum state is not sufficient
5  in itself to permit that forum to assert jurisdiction over the person.").

6        The corporate structure does not provide absolute protection, however. For instance, a
7  court may assert personal jurisdiction over an individual based upon "the individual's control of,
8  and direct participation in the alleged activities" of the corporation. *Wolf Designs, Inc. v. DHR &*
9  *Co.*, 322 F. Supp.2d 1065 (C.D. Cal. 2004). This is known as the "guiding spirit" theory. *See*
10 *Davis*, 885 F.2d at 523, n.10. The fiduciary shield doctrine also does not apply when the
11 corporation is the alter ego of the individual defendant. *Flynt Distrib. Co., Inc. v. Harvey*, 734
12 F.2d 1389, 1393 (9th Cir. 1984). There is no basis for the alter ego theory here, so the Court
13 focuses on the guiding spirit theory.

14       Under the guiding spirit theory, this Court may assert personal jurisdiction over Mouton if
15 he was "a primary participant or guiding spirit in the alleged wrongdoing intentionally directed at
16 California." *Wolf Designs*, 322 F. Supp. 2d at 1072. The injurious activities center around
17 Americhip and the individual defendants' allegedly fraudulent representations that Plaintiff could
18 convert the money Plaintiff loaned to Americhip into shares of Americhip stock.

19       The question then becomes whether Mouton was the primary participant or the guiding
20 spirit behind the fraudulent representations. Plaintiff alleges that in March 2008, the Americhip
21 CEO, with Mouton's knowledge and support, fraudulently promised Plaintiff that Americhip
22 would allow Plaintiff to convert the money Plaintiff loaned to Americhip into shares of Americhip
23 stock. (FAC ¶ 13.) Then in early 2009, when Mouton was CEO, Mouton allegedly refused to
24 timely allow said conversions. (*Id.* ¶ 16.)

25       These assertions do not allow the Court to conclude that Mouton was the driving force or
26 primary participant in the alleged wrongdoing. That Mouton knew of the March 2008 promise
27 does not imply that he was driving force or the primary participant behind that promise. *See*
28 *Brown v. Gen. Steel Domestic Sales, LLC*, 2008 WL 2128057, at *11 (C.D. Cal. May 19, 2008)

(explaining that the allegation that defendant "knew or should have known of the sales practices used by the salespeople on his . . . behalf" was insufficient to suggest that the defendant was the "guiding spirit" behind the activities giving rise to the plaintiffs' claims).  Moreover, simply being the CEO is not enough to establish that Mouton was the "guiding spirit" behind the injurious activities.  *See id.*

Plaintiff also asserts in its opposition that Mouton "is alleged to have communicated directly with Plaintiff's general partner in connection with several of the Plaintiff's attempts to convert principal on the note into shares of [Americhip] stock." (Opp'n 6.)  This assertion is insufficient to establish Mouton's minimum contacts with California.  First, Plaintiff fails to explain what occurred during these communications and how they relate to the claims.  Second, Mouton asserts that his actions "arose only through action of the Board of Directors of the Corporation, never by [him] alone." (Mot. Dismiss 2.)  Plaintiff provides no evidence to the contrary and fails to establish that Mouton was the guiding force or primary participant.  *See Winery v. Graham*, 2007 WL 963252, at *6 (N.D. Cal. Mar. 29, 2007) (holding the defendant's participation in making fraudulent representations during negotiations with the plaintiff were insufficient  to subject to him to personal jurisdiction when the defendant demonstrated that he was not in control of his actions and was acting on another's behalf.)

Plaintiff's fails to make a prima facie showing that this Court can assert personal jurisdiction over Defendant Drew Mouton.  Mouton was not the primary participant or guiding spirit behind the allegedly injurious activity.

## CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction. Plaintiff's first amended complaint is **DISMISSED WITHOUT PREJUDICE**. Any amended complaint **SHALL BE FILED** within 21 days of this order being electronically docketed.

**IT IS SO ORDERED**.

DATED: August 1, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge